IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH RAY MOORE,         ) | |
| ) | |
| Plaintiff,         ) | Case No. CV05-205-S-EJL |
| ) | |
| vs.         ) | MEMORANDUM ORDER |
| ) | |
| OLD CANAL FINANCIAL CORPORATION,   ) | |
| ) | |
| Defendant.         ) | |

Pending before the Court in the above entitled matter are Plaintiff's motion to amend the complaint, motion to dismiss counterclaim, and Defendant's motion for a judgment on the pleadings. The parties have submitted their responsive briefing and the matters are now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

Plaintiff, Kenneth Ray Moore, initiated this action by filing a *pro se* claim in the Small Claims Department of the Fourth Judicial District for Valley County, Idaho against Defendant, Old Canal Financial Corporation. (Dkt. No. 7, Ex. 3). The claim seeks $4,000 in damages asserting violations of both Idaho and Federal law. The claims allege Defendant's debt collection efforts are barred by Idaho Code § 45-1512, the Fair Debt Collection Practices Act ("FDCPA") §§ 807, 808, and the Fair Credit Reporting Act ("FCRA") § 623(a)(1). In particular, Plaintiff claims Defendant failed to respond to his request for formal debt validation, improperly reported the debt to credit reporting bureaus, and failed to notify credit reporting agencies that the debt was disputed as

required by the FDCPA.  As a result, Plaintiff alleges his credit rating/reports have been damaged. Both parties dispute the validity of the debt.  Defendant removed the action to this Court and then filed an answer, counterclaim, and motion for a judgment on the pleadings.  Plaintiff subsequently obtained counsel who has filed the instant motions on his behalf.  The Court will address the motions in their logical order.

## Discussion

1)   Motion to Amend Complaint:

Plaintiff seeks to file an amended complaint alleging two causes of action and seeks an injunction, damages, prejudgment interest, costs, and attorney fees.  The first cause of action is brought pursuant to FDCPA, 15 U.S.C. §§ 1692e, 1692f, and 1692g and the second claim is raised under FCRA, 15 U.S.C. § 1681s-2.  (Dkt. No. 17).  Defendant opposes the motion arguing the amended complaint is dilatory, futile, and sought in bad faith.  Defendant asserts the amended complaint essentially mirrors the allegations in the original complaint and contends it only adds prejudicial and possibly defamatory statements against Defendant while offering no new causes of action nor anything of relevance.

Federal Rule of Civil Procedure 15(a) provides that after responsive pleading has been filed, a party may amend their pleading only by leave of the court or written consent of the adverse party. Such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile.  Additionally, the district court may consider the factor of undue delay."  Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citation omitted).

In this case, the initial complaint was filed *pro se* and raised claims under Idaho State law, FDCPA, and FCRA.  Plaintiff's counsel has now sought to file an amended complaint raising the same claims with additional factual allegations.  The Defendant does not make a strong argument that it is prejudiced by the amended complaint but instead argues the amendment is repetitive, simply duplicating the original complaint, and futile.  The Court concludes that the proposed amended complaint is appropriate to clarify the claims raised in this matter as it appears to properly

MEMORANDUM ORDER - Page 2
06ORDERS\MOORE

clean-up the claims Plaintiff raised *pro se* before the Small Claims Court. Most importantly, the new complaint is not prejudicial to the Defendant since, as Defendant notes, it does not materially change the substance of the claims. Because leave to amend should be freely given and the Defendant is not prejudiced, the motion to amend is granted.

2) <u>Motion to Dismiss Counterclaim</u>:

Plaintiff has filed a motion to dismiss Defendant's counterclaim arguing the counterclaim is unrelated to the cause of actions alleged in the complaint and should not otherwise be considered as a permissive counterclaim. Defendant opposes the motion asserting its counterclaim for collection on the debt is compulsory to the Plaintiff's claims or, alternatively, is properly considered as a permissive counterclaim. In particular, Defendant asserts the counterclaim is the alternative argument to Plaintiff's claim that the debt is no longer valid and, therefore, arises out of the same transaction that is the subject matter of Plaintiff's complaint.     Federal Rule of Civil Procedure 13 governs both compulsory and permissive counterclaims.[1] Compulsory counterclaims are claims "aris[ing] out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a). In determining whether a claim is compulsory the Ninth Circuit employs a "logical relationship" test which "analyze[s] whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." <u>Pochiro v. Prudential Ins. Co. of America</u>, 827 F.2d 1246, 1249 (9th Cir. 1987) (citations omitted). "This flexible approach to Rule 13 problems attempts to

---

[1]     (a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

Fed. R. Civ. P. 13.

MEMORANDUM ORDER - Page 3
06ORDERS\MOORE

analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id.  In making this determination courts commonly consider 1) whether substantially the same evidence will be used to try the claim and the counterclaim and 2) whether there is any logical relation between the claim and the counterclaim.  See Wright & Miller, Federal Practice and Procedure: Civil § 1410 at 41-47 (2d ed. 1985).  Permissive counterclaims are claims "against an opposing party not arising out of the same transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(b).  Such claims require that there be a basis for jurisdiction whether it be as an independent ground or as supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

Plaintiff here argues the counterclaim is improper because the facts and law giving rise to his cause of actions alleging abuses in collecting the debt are completely different from those applicable to the counterclaim to collect on the underlying debt.  Plaintiff points to cases which, he asserts, hold that "[c]ounterclaims for the underlying debt are not permitted in response to complaints for violations of the FDPCA." (Dkt. No. 12).  In particular, the Plaintiff points to Kuhn v. Account Control Technology, Inc., 869 F.Supp. 1443 (D. Nev. 1994) where the court dismissed the defendant's counterclaim for abuse of process in an FDCPA action; applying the "logical relationship" test.[2]  Defendant argues the cases cited by Plaintiff are factually distinct from this case and this Court may properly consider the counterclaim either as a compulsory or permissive claim.

Defendant's counterclaim is not compulsory.  The counterclaim seeks to recover the debt that Defendant argues is valid and due whereas Plaintiff's complaint seeks relief from the Defendant's allegedly unlawful debt collection practices.  See Campos v. Western Dental Services, 404 F.Supp.2d 1164, 1168 (N.D. Cal. 2005) ("Whether a plaintiff in an unfair debt collection practices action actually has outstanding debt is irrelevant to the merits of the FDCPA claim....").  While true that Plaintiff maintains the debt is invalid, the claims here relate to the Defendant's debt collection methods.  As such, the evidence relating to the validity of the debt is distinct and unrelated to the

---

[2] Plaintiff also cited to Hart v. Clayton-Parker and Associates, Inc., 869 F.Supp. 774 (D. Ariz. 1994) and Ayres v. National Credit Mgt. Corp., 1991 WL 66845 (E.D.Pa. 1991).

MEMORANDUM ORDER - Page 4
06ORDERS\MOORE

evidence required for Plaintiff to prevail on his cause of actions before this Court. Id. The inquiry then is whether the counterclaim here is permissive and whether the Court should exercise jurisdiction over the claim.

Defendant asserts, in the alternative, that the counterclaim is permissive and diversity jurisdiction exists over the counterclaim. Defendant argues the parties are diverse and the amount in controversy can properly include interest on an instrument prior to its maturity and, as such, the amount due and owing on the debt is $75,353.14. (Dkt. No. 15, p. 5). Plaintiff, however, maintains the counterclaim involves state law questions which are unresolved and will predominate the Plaintiff's federal claims.

The Court declines to exercise jurisdiction over the counterclaim in this case. Diversity jurisdiction does not lie because the amount in controversy is not met. The amount in controversy is to be decided from the complaint itself. See Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 363 (9th Cir.1986) ("The amount in controversy is normally determined from the face of the pleadings."). The calculation of the amount in controversy takes into account claims for general and special damages, punitive damages, if recoverable as a matter of law, and attorney fees recoverable by statute or contract. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), *as amended on denial of rehearing and rehearing en banc* (Feb 13, 2006) (citations omitted). Defendant here asserts it is proper to include interest accrued on an instrument prior to its maturity, citing Bailey Employment System v. Hahn, 655 F.2d 473 (2nd Cir. 1981). Even if the Bailey case were binding upon this Court, the counterclaim here is based upon the debt presently due and owing which is inconsistent with the argument that interest accrued, and is accruing, prior to maturity is properly included. Further, aside from Defendant's conclusory statement, there is no indication as to the amount of the debt in the complaint. Where, as here, the complaint filed in state court does not specify damages in excess of the required federal jurisdictional limit, to satisfy diversity the defendant must set forth "the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original) (applying the amount in controversy requirement to a removal action). The Defendant has not demonstrated the amount in controversy requirement for diversity jurisdiction.

MEMORANDUM ORDER - Page 5
06ORDERS\MOORE

A permissive counterclaim may still be considered were supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction exists where the counterclaim is "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Sparrow v. Mazda American Credit, 385 F.Supp.2d 1063, 1070 (E.D. Cal. 2005); See also Campos, *supra*. This is a broader standard than that employed for compulsory counterclaims. See Campos, 404 F.Supp.2d at 1168 and n. 4 ("the standard for supplemental jurisdiction is broader than the standard for a counterclaim to be compulsory.). The counterclaim here is "so related" to the Plaintiff's claims such that it forms the same case or controversy. The counterclaim seeks to collect on the same debt which gives rise to Plaintiff's claims. As such, supplemental jurisdiction exists over the counterclaim. The Court, however, declines to exercise jurisdiction over the counterclaim in this case. Section 1367(c) identifies four basis for declining supplemental jurisdiction where:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Here, the first and, to a greater extent, second factors are the basis for this Court declining jurisdiction. As to the first factor, the parties dispute the clarity of the applicable Idaho law in this matter. As to the second factor, and more compelling in this case, the state law involved in Defendant's counterclaim will predominate the case to the point that exercising jurisdiction over the counterclaim would be improper. Particularly in light of the fact that the policy for claims brought under the FDCPA is to provide redress for those harmed by alleged violations by a debt collector regardless of whether the underlying debt is valid. See Campos, 404 F.Supp.2d at 1169 (discussing the chilling and deterring effect of allowing such counterclaims in FDCPA actions). Further, Defendant is not precluded from litigating its claim before the state court, which is the more appropriate forum to resolve these issues.

In their briefing on each of these motions the parties disagree about the impact of the state law on the facts of this case. Those questions should be answered by the state court who is better suited to resolve the parties' dispute regarding the state law. What is before this Court, and what

MEMORANDUM ORDER - Page 6
06ORDERS\MOORE

has given rise to our jurisdiction, is the Plaintiff's claims based upon Federal law regarding the alleged impropriety in Defendant's actions in collecting upon the debt. This matter was removed by Defendant pursuant to 28 U.S.C. § 1331 which provides for original jurisdiction of civil actions arising from Federal law. (Dkt. No. 7). While the Court recognizes there may exist grounds upon which jurisdiction could be exercised over related state law claims, having reviewed the briefing on the instant motions the Court concludes the state law matters are more appropriately decided by the state court. Therefore, the parties' dispute here is the narrow questions raised by the applicable Federal statutes as to the debt collection claims. Based on the foregoing the Court grants the motion to dismiss the counterclaim.

3)      <u>Motion for Judgment on the Pleadings</u>:

Defendant has filed a motion for a judgment on the pleadings asserting Plaintiff has raised no material facts or issues of law upon which he can prevail on his claims as a matter of law. The motion is made pursuant to Federal Rule of Civil Procedure 12(c). In particular, Defendant contends that the sole basis for Plaintiff's claim is the argument that state law precludes collection of the debt and, thus, Defendant's reporting of the debt was proper. Defendant maintains that the state law upon which Plaintiff relies does not apply to Defendant. Plaintiff opposes the motion asserting the Defendant fails to acknowledge the factual disputes regarding the interests on the debt alleged in the amended complaint.

Motions for a judgment on the pleadings are governed by Federal Rule of Civil Procedure 12(c). A party may move for a judgment on the pleadings at any point after the pleadings close. Fed. R. Civ. P. 12(c). The standard for deciding a motion under Rule 12(c) is virtually identical to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6). Judgment on the pleadings may be granted only when it appears beyond doubt that the claiming party can prove no set of facts in support of his claim which would entitle him to relief." <u>Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.</u>, 132 F.3d 526, 529 (9th Cir. 1997) (internal quotations and citations omitted). In other words, a judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. <u>See Honey v. Distelrath</u>, 195 F.3d 531 (9th Cir. 1999) (citing <u>Nelson v. City of Irvine</u>, 143 F.3d 1196

(9th Cir. 1998); see also Fajardo v. County of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999). Thus, the narrow question presented by Defendant's motion is whether Plaintiff's claims failed to plead facts that, even if taken as true, fail to state valid claims for which relief may be granted.

This motion was filed prior to Plaintiff's motion to amend the complaint and prior to the Court's ruling above granting the motion to amend the complaint.  As Plaintiff points out in his response, the amended complaint makes additional allegations regarding the claims.  Defendant's reply did not address these claims or new factual allegations.  (Dkt. No. 26, p. 3).  Because the Court's ruling granting the motion to amend may or may not impact Defendant's motion here, the Court will deny the motion at this time and allow Defendant leave to file a new motion for judgment on the pleadings, if necessary, thereby allowing Defendant the opportunity to address the amended complaint directly.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** as follows:

1) Motion to Amend Complaint (Dkt. No. 17) is **GRANTED**.

2) Motion to Dismiss Counterclaim (Dkt. No. 12) **GRANTED**.

3) Motion for Judgment on the Pleadings (Dkt. No. 14) is **DENIED**.  In light of the Court's order granting the Motion to Amend Complaint, Defendant is granted leave to file a Motion for Judgment on the Pleadings.  Any such motion shall be filed on or before May 12, 2006.

DATED: **March 29, 2006**

Honorable Edward J. Lodge
U. S. District Judge